**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LINDA TUCKER o/b/o GLENN THOMAS
TUCKER, deceased,

                   Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                   Defendant.

Case No. 13-CV-809-FHM

**OPINION AND ORDER**

Plaintiff, Glenn Thomas Tucker,[1] seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Although Glenn Thomas Tucker is deceased he is referred to as Plaintiff throughout this opinion and order.

[2] Plaintiff's July 21, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was held May 3, 2012. By decision dated May 25, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 24, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 54 years old on the alleged date of onset of disability and 59 on the date of the ALJ's denial decision. He completed the eleventh grade and formerly worked as janitor, telemarketer, and chaplain. He claims to have been unable to work since June 29, 2007[3] as a result of degenerative joint disease, degenerative disc disease, congestive heart failure, diabetes mellitus, a history of alcohol abuse, and depression.

## **The ALJ's Decision**

The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) where there is no requirement for overhead reaching with the non-dominant left upper extremity. The ALJ further found Plaintiff was only able to perform tasks where there is the option to sit and stand at will. The ALJ found that Plaintiff could perform his past relevant work as a telemarketer with these limitations. The case was thus decided at step four of the five-step

---

[3] The ALJ listed the alleged onset date as March 31, 2006, but the date on the Applications in the file is June 29, 2007. [R. 162]. However, the onset date is not important to the issues raised on appeal.

evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly evaluate his pain, failed to address a borderline age situation, and erred in concluding that Plaintiff possessed transferable vocational skills.

## **Analysis**

### Pain/Credibility Analysis

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms he described in his testimony were not credible to the extent they were not consistent with the RFC finding. [R. 330]. The court notes that the ALJ limited Plaintiff to performing work that does not require overhead reaching, thus giving credit to complaints of pain in his upper left arm. The ALJ also included the limitation that Plaintiff must be able to sit and stand at will, giving credit to complaints of shortness of breath and the inability to stand for long periods. [R. 29, 30]. However, the ALJ concluded that Plaintiff's problems were not as limiting as he alleged. [R. 30-31].

Plaintiff argues that the ALJ failed to properly consider his complaints of pain and shortness of breath. Plaintiff also asserts that the ALJ failed to consider appropriate factors in judging his credibility and inappropriately considered Plaintiff's criminal history and continued alcohol use in assessing his credibility.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Further, as long as the ALJ sets forth the specific evidence relied on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including the observation that despite his admitted daily alcohol use of a pint of whiskey, Plaintiff is able to care for himself, help with household chores, and help with childcare. In addition, the ALJ noted that during the period of alleged disability despite the reported side-effect of fatigue from his medication, Plaintiff was able to establish and pastor a church and is able to spend three to four hours per day reading. [R. 31]. The ALJ noted Plaintiff's significant criminal history, [R. 30], and the psychological consultative examiner's observation that Plaintiff did not put forth his best effort on memory testing, [R. 27]. These are appropriate considerations in a credibility analysis. The ALJ thus properly linked his credibility finding to the record, therefore the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. In sum, the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

## Consideration of Borderline Age Situation

There is no merit to Plaintiff's argument that the ALJ failed to consider that he was four months and eight days away from age 55 at the date of alleged onset of disability and thus in a so-called "borderline" age situation.[4] The question of a borderline age arises only in the situation when the ALJ determines that a claimant <u>cannot</u> return to past relevant work and the analysis proceeds to step five where the ALJ determines whether other jobs exist that the claimant could perform. In this case, however, the ALJ found that Plaintiff <u>can</u> return to his past relevant work as a telemarketer. [R. 31-32]. As a result, the ALJ did not reach step five of the analysis and the opportunity to consider Plaintiff's age in a borderline situation, or otherwise did not arise.

Plaintiff does not challenge the ALJ's step four finding, except for one sentence in the reply brief, "Plaintiff argues that the step four decision was inappropriate and a step five decision is more appropriate." [Dkt. 15, p. 1]. It is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry

---

[4] The Medical Vocational Guidelines (grids) are tables which at step five of the evaluative sequence may direct a finding of disabled or not disabled based on the Plaintiff's age, residual functional capacity, education, and work experience. The grids have three age categories: under age 50; age 50 to 54; and age 55 or older. To avoid arbitrary results when a claimant's age is approaching an older age category in cases where the difference in age would make a difference in the outcome, the regulations provide that the age categories will not be applied mechanically, but the Commissioner will consider whether to use the older age category after evaluating the overall impact of all the factors in the case. 20 C.F.R. §§ 404.1563(b), 416.963(b).

the burden of proving error). The court finds that Plaintiff has not demonstrated that the ALJ erred in the step four determination.

### Transferable Skills Finding

There is no merit to Plaintiff's argument that the case should be remanded because the ALJ erred in finding that he has transferable skills. The ALJ did not make a finding about transferable skills. The ALJ merely noted the vocational expert's testimony on the topic. [R. 31]. Further, the question of transferable skills did not arise in this case because transferability of skills only arises at step five and the ALJ concluded his analysis at step four by finding that Plaintiff can return to his past relevant work as a telemarketer.

### **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 18th day of February, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE